# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO. 0-22-CV-60279

**MICHAEL ROLDAN**,
Plaintiff,

v.                                         **[JURY DEMAND]**

**CITY OF HALLANDALE BEACH,
MICHAEL terMAAT, TODD
CREVIER, RICHARD ICOBELLI,
CHRISTIAN CASANOVA,
MIGUEL MIRABAL, PIETRO
ROCCISANO,** Defendant.

## COMPLAINT

Plaintiff, Michael Roldan, by and through counsel, hereby files his complaint and alleges:

## PARTIES

1. Plaintiff, **Michael Roldan**, is a resident of the State of Florida.

2. Defendant, **City of Hallandale Beach**, is a municipal entity organized pursuant to the laws of Florida.

3. Defendant, **Michael terMaat**, is an employee of the City of Hallandale Beach. He is sued in his individual capacity.

4. Defendant, **Todd Crevier**, is an employee of the City of Hallandale Beach. He is sued in his individual capacity.



600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

5. Defendant, **Richard Icobelli**, is an employee of the City of Hallandale Beach. He is sued in his individual capacity.

6. Defendant, **Christian Casanova**, is an employee of the City of Hallandale Beach. He is sued in his individual capacity.

7. Defendant, **Miguel Mirabal**, is an employee of the City of Hallandale Beach. He is sued in his individual capacity.

8. Defendant, **Pietro Roccisano**, is an employee of the City of Hallandale Beach. He is sued in his individual capacity.

9. Defendants acted under the color of statute, ordinance, regulation, custom, or usage of the City of Hallandale Beach, Broward County and/or the State of Florida.

10. All condition precedents have been satisfied.

**JURISDICTION & VENUE**

11. This action is for legal and equitable relief brought pursuant to 42 USC § 1983 and 1988 regarding the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution. Plaintiff's closely related state law claims are within this Court's jurisdiction pursuant to 28 USC § 1367.

12. Venue is proper because a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of Florida.



## STATEMENT OF FACTS

13. On May 13, 2019, at approximately 6:23 PM, Fabiola Sosa Polanco went to the City of Miramar Police Department and falsely reported that her then boyfriend, Otniel Lorente, had battered her. Pursuant to these allegations, Officer Michael Maleta of Miramar Police Department brought charges against Lorente. Based on these charges, Miramar Police Department requested the City of Hallandale Beach Police Department pick up Lorente in a Hallandale Beach apartment complex.

14. Miramar Police Department provided the City of Hallandale Beach Police a photograph of Lorente and an address of the apartment complex where Lorente may be found. Miramar Police Department did not provide the City of Hallandale Beach Police the apartment number. At that time, Lorente was a 39-year-old Hispanic male.

15. With this information in hand, the City of Hallandale Beach Police Department dispatched Defendants terMaat, Crevier, Icobelli, Casanova, Mirabal, and Roccisano to pick up Lorente from the apartment complex.

16. Defendants did not have a warrant to seize Lorente.

17. Upon Defendants' arrival to the apartment complex, Defendants began knocking on random apartment doors in search of Lorente. Eventually, Defendants knocked on Mr. Roldan's apartment door.

18.     Mr. Roldan opened the door and Defendants immediately entered his apartment. Defendants noticed, Mr. Roldan, a 41-year-old Hispanic male, and immediately placed him in handcuffs. Defendants asked Mr. Roldan his name – to which he replied, "Michael Roldan."

19.     There was no call for police service to Mr. Roldan's home. No one in Mr. Roldan's home had committed a crime and Defendants had no knowledge of this fact. No one in Mr. Roldan's home was in distress or in need of emergency assistance. Defendants did not see anyone enter or leave Mr. Roldan's home. Defendants did not see nor hear a disturbance inside of Mr. Roldan's home. Defendants did not have a warrant to enter Mr. Roldan's home or the authority to place Mr. Roldan under arrest. No one gave Defendants consent to enter Roldan's home.

20.     After placing Mr. Roldan in handcuffs, Defendants informed Mr. Roldan that he resembled Lorente and showed Mr. Roldan the photo of Lorente. Mr. Roldan informed Defendants they were "crazy" if they believed he looked like Lorente. *See* below.

 

**Lorente**                    **Roldan**

Despite the obvious discrepancy between the two men, Defendants insisted that Mr. Roldan produced identification to prove that he was not Lorente.

21.    Mr. Roldan's elderly mother, who was also present during the arrest, informed Defendants that Mr. Roldan was indeed Mr. Roldan and then provided the requested identification.

22.    Throughout his detention, Mr. Roldan repeatedly informed the officers that he was not Lorente.

23.    Defendants later released Mr. Roldan from handcuffs but continued to stand in Mr. Roldan's home. Defendants eventually requested that Officer Maleta come to Mr. Roldan's residence to identify the person of interest (i.e., Lorente). Upon Officer Maleta's arrival, he spoke with Mr. Roldan, compared the photo given to Defendants, and determined that Mr. Roldan was not Lorente. Officer Maleta observed a distinct tattoo in Lorente's photo which was not present on Mr. Roldan.



24. No charges were filed against Mr. Roldan nor was he prosecuted by any of the officers.

## Claim 1: Unreasonable Seizure against Defendants terMaat, Crevier, Icobelli, Casanova, Mirabal, and Roccisano

25. This action is brought pursuant to 42 USC §1983 in violation of Plaintiff's right to be free of an unreasonable seizure as provided in the Fourth Amendment of the United States Constitution and applied to the states under the Fourteenth Amendment.

26. Mr. Roldan was subject to an unlawful stop and arrest by Defendants.

27. Defendants did not have reasonable suspicion or probable cause to seize Mr. Roldan inside of his home. Mr. Roldan, was peacefully residing in his home when he was seized by Defendants. Mr. Roldan was not the subject of the investigation and was not the person of interest (i.e., Lorente). Mr. Roldan clearly did not resemble Lorente. Defendants placed Mr. Roldan in handcuffs. He posed no threat to anyone including the officers on the scene. There is no evidence that suggests that Mr. Roldan committed a crime, was suspected of committing a crime, or was in the process of committing a crime. Defendants did not have a warrant to arrest Mr. Roldan, or the person of interest.

28. As a result of Defendant's unlawful and intentional conduct, Mr. Roldan's person was unreasonably seized when Defendants entered his home, physically restrained him, placed him in handcuffs, and restricted his freedom.

29. Defendants acted under the color of law pursuant to the State of Florida. Defendants were municipally employed officer seizing Mr. Roldan pursuant to the laws of Florida.

### Claim 2: UNLAWFUL SEARCH against Defendants terMaat, Crevier, Icobelli, Casanova, Mirabal, and Roccisano

30. This action is brought pursuant to 42 USC § 1983 and in violation of Mr. Roldan's right to be free of unreasonable searches as prescribed by the Fourth Amendment of the United States Constitution and as applied to the states under the Fourteenth Amendment therein.

31. Mr. Roldan was subject to an unreasonable search when Defendants entered Mr. Roldan's home without a warrant.

32. Defendants did not have probable cause to search Mr. Roldan home. Defendants did not have a warrant to enter Mr. Roldan's home to arrest or perform a search of said home. Mr. Roldan did not consent to the search and the unlawful entry into his home. No exigent circumstances existed to support Defendants' entry. Moreover, no other constitutional recognized exceptions existed at the time of the



600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

incident. Defendants did not present Mr. Roldan with any warrants authorizing the search, arrest, or entry into Mr. Roldan's home because they did not have one.

33. As a result of Defendants' unlawful entry into Mr. Roldan's home, Mr. Roldan was deprived of his Fourth Amendment right to be free from unreasonable searches.

34. Defendants, acted under the color of law pursuant to the State of Florida. Defendants were municipally employed officers searching Mr. Roldan pursuant to the laws of Florida.

### Claim 3: False Imprisonment/False Arrest against Defendants terMaat, Crevier, Icobelli, Casanova, Mirabal, and Roccisano

35. This action is brought pursuant to laws of the State of Florida and alleges that Defendants falsely arrested and imprisoned Mr. Roldan.

36. Mr. Roldan was subject to an unlawful detention and deprivation of liberty against his will. Specifically, Mr. Roldan was detained within his home in police custody against his will.

37. The detention was unreasonable and not warranted by the circumstances. Based on the objective evidence known to Defendants at the time of Mr. Roldan's arrest, Defendants knew there was no probable cause to arrest Mr. Roldan for any offense under Florida law. Mr. Roldan was lawfully and peacefully within the confines of his home when Defendants entered his home and detained



him. He was not the subject of any investigation. Mr. Roldan's speech of questioning the lawfulness of the officer's conduct did not give rise to any arrestable offense.

38. The detention was intentional. Defendants intended to cause the unlawful detention and deprive Mr. Roldan of his liberty by placing Mr. Roldan handcuffs and restricting his movements without first determining whether there was any basis to do so.

39. Moreover, Defendants' actions were done with bad faith, malicious purpose, or with willful, wanton, and deliberate indifference in regard to Mr. Roldan's rights, health and safety, thus merits an award of punitive damages against said Defendants. Defendants had a photograph of the person of interest who clearly did not resemble Mr. Roldan. Despite this fact, Defendants continued to detain Mr. Roldan because he was a Hispanic male – the only characteristic the Roldan and Lorente had in common.

**Claim 4: False Imprisonment/False Arrest against City of Hallandale Beach**

40. This action is brought pursuant to laws of the state of Florida and alleges that the City of Hallandale Beach falsely arrested and imprisoned Mr. Roldan.

41. Mr. Roldan was subject to an unlawful detention and deprivation of liberty against his will. Specifically, Mr. Roldan was detained within his home in police custody against his will.

PIERRE **SIMON**

600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

Page | **9**

42. The detention was unreasonable and not warranted by the circumstances. Based on the objective evidence known to Defendant's agents at the time of Mr. Roldan's arrest, Defendant knew there was no probable cause to arrest Mr. Roldan for any offense under Florida law. Mr. Roldan was lawfully and peacefully within the confines of his home when Defendant's agent entered his home and detained him. He was not the subject of any investigation. Mr. Roldan's speech of questioning the lawfulness of the officer's conduct did not give rise to any arrestable offense.

43. The detention was intentional. Defendant intended to cause the unlawful detention and deprive Mr. Roldan of his liberty by placing Mr. Roldan in handcuffs and restricting his movements without first determining whether there was any basis to do so.

### Claim 5: Trespass against Defendants terMaat, Crevier, Icobelli, Casanova, Mirabal, and Roccisano

44. This action is brought pursuant to the laws of Florida and alleges that Defendants terMaat, Crevier, Icobelli, Casanova, Mirabal, and Roccisano trespassed.

45. Defendants trespassed by entering Mr. Roldan's home. Without consent or legal authority, Defendants forcibly entered Mr. Roldan's home.

46. Mr. Roldan was damaged by Defendants' unlawful entry and no longer feels safe and secure in his home.

47. Mr. Roldan resided at the home and did not invite Defendants into his home.

48. Moreover, Defendants' actions were done in bad faith, malicious purpose, or with willful, wanton, and deliberate indifference in regard to Mr. Roldan's rights, health and safety, thus merits an award of punitive damages against these Defendants. Defendants had no basis to enter the home as Defendants did not have a specific unit to locate the person of interest or a warrant to justify the entry. Despite knowing the legal requirements needed to enter the home, Defendants proceeded to enter the home anyway.

### Claim 6: Trespass against City of Hallandale Beach

49. This action is brought pursuant to laws of the State of Florida and alleges that City of Hallandale Beach trespassed.

50. Defendant trespassed by entering Mr. Roldan's home. Without consent or legal authority, Defendants' agents forcibly entered Mr. Roldan's home.

51. Mr. Roldan was damaged by Defendants' unlawful entry and no longer feels safe and secure in his home.

52. Mr. Roldan resided at the home and did not invite Defendant's agent into his home.

PIERRE SIMON

600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

## Claim 7: INVASION OF PRIVACY (INTRUSION) against Defendants terMaat, Crevier, Icobelli, Casanova, Mirabal, and Roccisano

53. This action is brought pursuant to the laws of Florida and alleges that Defendants terMaat, Crevier, Icobelli, Casanova, Mirabal, and Roccisano intruded into Mr. Roldan's privacy.

54. Defendants intruded upon Mr. Roldan's physical solitude or seclusion. Defendants forcibly entered Mr. Roldan's home and violated his reasonable expectation of privacy with said entry.

55. Defendants' intrusion occurred in such manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities. Defendants did not have a warrant. Defendants did not know the apartment number where the person of interest was located. Defendants did not observe the person of interest inside of Mr. Roldan's home. Additionally, Defendants were repeatedly told that Mr. Roldan was not the person of interest and provided verification of his identity. Defendants maliciously entered the home without justification.

56. As a result, Mr. Roldan suffered mental distress, shame, humiliation as a result of this outrageous conduct. Mr. Roldan no longer feels safe in his own home and mentally revisits that moment. As a result, Mr. Roldan is permanently damaged and impaired from Defendants' unlawful conduct.

57. Moreover, Defendants' actions were done in bad faith, malicious purpose, or with willful, wanton, and deliberate indifference in regard to Mr. Roldan's rights, health and safety, thus merits an award of punitive damages against these Defendants. Defendants had no basis to enter the home as Defendants did not have a specific unit to locate the person of interest or a warrant to justify said entry. Despite knowing the legal requirements needed to enter the home, Defendants proceeded to enter the home anyway.

### Claim 8: INVASION OF PRIVACY (INTRUSION) against City of Hallandale Beach

58. This action is brought pursuant to laws of the State of Florida and alleges that City of Hallandale Beach intruded into Mr. Roldan's privacy.

59. Defendant intruded upon Mr. Roldan's physical solitude or seclusion. Defendant's agents forcibly entered Mr. Roldan's home and violated his reasonable expectation of privacy with said entry.

60. Defendant's intrusion occurred in such manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities. Defendant's agents did not have a warrant or a unit to determine where the person of interest was located. Defendant's agents did not observe the person of interest inside of Mr. Roldan's home. Additionally, Defendant's agents were repeatedly told



600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

that Mr. Roldan was not the person of interest and provided verification of his identity.

61. As a result, Mr. Roldan suffered mental distress, shame, humiliation as a result of this outrageous conduct. Mr. Roldan no longer feels safe in his home and mentally revisits that moment. As a result, Mr. Roldan is permanently damaged and impaired from Defendants' unlawful conduct.

## PRAYER

Wherefore, Michael Roldan, demands the following relief against defendants:

a. Compensatory general and special damages in an amount in accordance with proof;

b. Consequential damages;

c. Exemplary damages, against individual Defendants, for intentional acts described above or for those done negligently or recklessly or with deliberate indifference, in an amount sufficient to deter the conduct of Defendants;

d. Reasonable attorneys' fees and expenses of litigation, including those fees permitted by 42 U.S.C. § 1988;

e. Prejudgment and post-judgment interests where permitted by law,

f. Punitive damages;



600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

g.  Nominal damages;

h.  Costs of suit and interest accrued incurred herein; and

i.  Other forms equitable and/or legal relief the Court deems just or proper.

Respectfully submitted by,

PIERRE **SIMON**
Attorneys for Plaintiff
600 Southwest 4th Avenue,
Fort Lauderdale, Florida 33315

By: s/ Faudlin Pierre
Faudlin Pierre, Esq.
FBN. 56770
fplaw08@yahoo.com
(305) 336-9193

PIERRE **SIMON**

600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**